IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| REX JUSTIN BURKHALTER, | : |
| Plaintiff | : |
| VS. | : |
| | : 3 : 09-CV-78 (CDL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on June 15, 2009, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

**ISSUES**

**I. Whether the ALJ failed to properly consider the plaintiff's subjective complaints.**

**II. Whether the ALJ failed to properly evaluate witness statements regarding the plaintiff's limitations.**

*Administrative Proceedings*

The plaintiff filed applications for disability benefits and Supplemental Security Income on August 23, 2005. (T-56). His claims were denied initially and upon reconsideration. (T-36). A hearing was held before an ALJ in Athens, Georgia on August 11, 2008. (T-345-69). Thereafter, in a hearing decision dated September 26, 2008, the ALJ determined that the plaintiff was not disabled. (T-12-23). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-6-9).

*Statement of Facts and Evidence*

The plaintiff was forty-six (46) years of age at the time of the ALJ's decision. (T-23). He has a high school education and past relevant work experience as a craftsman and youth detention worker. (T-69, 350). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of disc bulging and stenosis, depression and left wrist fracture. (T-17). The ALJ found that the plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and

2

remained capable of performing a reduced range of light work activity. (T - 18-21). Although he could not return to his past relevant work, the testimony of a Vocational Expert established that the plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not disabled. (T-21-22).

## DISCUSSION

**I. Did the ALJ fail to properly consider the plaintiff's subjective complaints?**

The plaintiff argues that the ALJ failed to properly consider his subjective complaints of disabling pain. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)**.**

3

Herein, after discussing in detail the plaintiff's testimony and subjective complaints, the ALJ determined that:

> [a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.

(T - 20).

The ALJ thereafter detailed the plaintiff's medical treatment, including treatment for his back conditions between May 2005 and March 2008, and found that plaintiff's treatment regimen did not reveal conditions as disabling as alleged by the plaintiff. Furthermore, treatment notes indicated that plaintiff's pain was well controlled on his pain regimen. (T - 21). Treating sources as well as consultative examiners found that plaintiff's back pain was well controlled with medication and rest and that diagnostic testing revealed only mild changes or deterioration in plaintiff's spine.

Thus, the ALJ adequately considered the plaintiff's subjective accounts of pain and physical limitation, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p. The ALJ also provided adequate and specific reasons for discrediting his subjective accounts, relying on the objective medical record and the findings of treating physicians that conflicted with the plaintiff's allegations of disabling impairment.

**II. Did the ALJ properly evaluate witness statements regarding the plaintiff's limitations?**

The plaintiff further alleges that the ALJ improperly failed to accord any weight to the opinion testimony offered by plaintiff's wife. The law in the Eleventh Circuit is clear that an explicit finding as to the credibility of a witness' testimony is not required, as long as the implication regarding such a

4

credibility finding is obvious to the court. *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). Both the plaintiff and his wife testified before the ALJ regarding the plaintiff's pain, and the impact of this pain on plaintiff's life. The ALJ explicitly found that the plaintiff's testimony was credible to establish certain restrictions, but not total disability. Inasmuch as the testimony of plaintiff's wife was substantially similar to that of the plaintiff, "the implication was obvious that the ALJ did not regard the testimony of claimant's [friend] as credible" so as to prevent the plaintiff from engaging in any type of work. *Id.* (discussing *Allen v. Schweiker*, 642 F.2d 799 (5th Cir. 1981)). Thus, the ALJ's failure to explicitly refer to the weight he accorded this testimony was not error.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 26th day of April, 2010.

                                                                               **S/G. MALLON FAIRCLOTH**
                                                                               **UNITED STATES MAGISTRATE JUDGE**

asb